IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| Sheri Sanders, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-4312 M |
| | § | |
| Secretary of Veteran Affairs, | § | |
| | § | |
| Defendant. | § | |

**SECRETARY OF VETERANS AFFAIRS' MOTION TO
DISMISS, AND BRIEF IN SUPPORT THEREOF**

The Secretary of Veterans Affairs (hereinafter, "VA"), by and through the United States Attorney for the Northern District of Texas and the undersigned Assistant United States Attorney, hereby files this Motion to Dismiss the claims in this action against the VA, and in support thereof would show as follows:

**BACKGROUND**

This is an action by the daughter of the former owners of foreclosed property now owned by the VA. See Appendix to Motion to Dismiss (hereinafter "Appx."), at p. 11, ¶ 1.[1] Plaintiff, Sheri Sanders, filed suit against the VA in the District Court, 413th Judicial District, Johnson County, Texas, on July 29, 2013. *Id.* The VA was the lender initiating the underlying loan on property located in Burleson, Texas, and owed by Sanders' parents. *Id.* at pp. 11, 12. After numerous occasions of rejected payments from Norwest

---

[1] The appendix attached to the instant motion is an exact duplicate of the appendix attached to the Notice of Removal, save the addition of bates numbering, which was inadvertently omitted from the version attached to the Notice of Removal, and an updated and corrected caption.

Mortgage, Inc., and later Wells Fargo Bank, the residence was foreclosed and auctioned at the Johnson County courthouse. See Appx. at pp. 12-15.[2] After the foreclosure proceedings, Wells Fargo conveyed the Warranty Deed to the property to the Secretary of Veteran Affairs, an Officer of the United States. Appx. at p. 15. The VA, through private counsel, commenced eviction proceeding in May of 2001, but later nonsuited. Appx. at pp. 36-41, 46. Because the plaintiff has resided on the foreclosed property since 2001, plaintiff is claiming title to the foreclosed property as "Under Occupation" by adverse possession. The plaintiff bases her claim on the non-suit proceedings initiated by the VA in 2001. *Id*. The plaintiff contends that the Defendant should not be allowed to exercise its right to ownership twelve years after the last eviction action. *Id*., at p. 16. Plaintiff seeks the right to title and possession, the estoppel of the Defendant from seeking to enforce its claimed rights of possession, and any other relief entitled to the Plaintiff. *Id*.

The case was originally filed in state district court and removed by undersigned Assistant United States Attorney pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a).

## STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to challenge by a motion to dismiss the subject matter jurisdiction of the district court to hear the case. The district court can find a lack of subject matter jurisdiction in any one of three

---

[2] Sanders' Complaint states that the foreclosure took place in February of 2011. Appx. at p.15. This appears to be a typographical error, as the document referenced in this section, and attached to the Complaint, shows that the property was foreclosed upon in February of 2001. Appx. at p. 31.

2

instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Therefore, in examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Id.* A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief. *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming*, 281 F.3d at 161. A district court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "'In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations. We will thus not accept as true conclusory allegations or unwarranted deductions of law.'" *Id.* (quoting *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (internal citations, quotation marks and ellipses omitted). In considering a motion to dismiss pursuant to Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including attachments thereto. *Id.* It is proper, however, for a court to consider documents attached not to the pleadings, but to the motion to dismiss, where

those documents are referred to in the complaint and are central to the plaintiff's claim. *Id.* at 498-99.

## ARGUMENT

**A. This Court lacks subject matter jurisdiction over the instant action.**

Sanders is seeking to set aside the VA's title in the residence at issue, contending that the six elements of adverse possession under Texas law have been established. However, as the Fifth Circuit has recently observed: "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress. Since sovereign immunity is jurisdictional in nature, Congress's waiver of [it] must be unequivocally expressed in statutory text and will not be implied." *Freeman v. U.S.*, 556 F.3d 326 (5th Cir. 2009) (Internal citations and quotations omitted). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyers*, 510 U.S. 471, 475 (1994). "Plaintiff bears the burden of showing Congress's unequivocal waiver of sovereign immunity." *St. Tammany Parish, ex rel. Davis v. Federal Emergency Management Agency*, 556 F.3d 307, 315 (5th Cir. 2009).

Because the suit challenges VA's ownership of the property, the Quiet Title Act, 28 U.S.C. § 2409a, provides the exclusive waiver of sovereign immunity for such claims. *See Cummings v. United States*, 648 F.2d 289, 292 (5th Cir. 1981). Sanders appropriately cites this statute as a basis for jurisdiction. Appx. at p. 16. However, Sanders fails to recognize that the jurisdiction over title challenges is made *exclusive* in district court under 28 U.S.C. § 1346 (f). Thus a state court wholly lacks jurisdiction in action against

4

the United States seeking to quiet title under section 2409a. Sanders did not file suit in the federal district court, but rather in state court.

The doctrine of derivative jurisdiction provides that when a state court lacks jurisdiction over a cause of action, the federal court acquires none on removal, even though the action could have initially been filed in federal court. *See, e.g., Palmer v. City National Bank of West Virginia*, 498 F.3d 236, 239 (4th Cir. 2007). While derivative jurisdiction has been abolished it with respect to 28 U.S.C. § 1441 removals, it remains viable in section 1442 removals. *Id.*; *accord also Spencer v. New Orleans Levee Board*, 737 F.2d 435 (5th Cir. 1984).[3] Despite criticism from some courts, the continued application of the doctrine in cases where jurisdiction against the United States is lacking in state court is recognition of the unnecessary burden on the state and federal courts as well as the unnecessary burden and expense on the United States in having to deal with removal proceedings. Sanders' Complaint should be dismissed for lack of jurisdiction.

**B. Sanders Fails to State a Claim for Relief.**

Even assuming proper jurisdiction and a waiver of sovereign immunity, the United States cannot lose property rights through adverse possession or estoppel. Indeed, 28 U.S.C. § 2409(n) explicitly states that "Nothing in this section shall be construed to permit suits against the United States based upon adverse possession."

---

[3] Since the statutes were amended in 2002 to abrogate derivate jurisdiction in section 1441 removals, the Fifth Circuit has not squarely addressed the issue of derivative jurisdiction under section 1442. Several district courts in the Fifth Circuit have continued to apply the doctrine; one recently has declined to do so. *See Olivier Plantation, LLC v. St. Bernard Parish*, 744 F.Supp.2d 575, 587 (E.D.La. 2010 Sept. 24, 2010) (applying doctrine) and *In re Katrina Canal Breaches Consol. Litig.*, 2007 WL 1461036, at *2 (E.D.La. May 16, 2007)(same), *but see Lopez v. Vaquera*, 2013 WL 623567 (W.D.Tex. Feb. 19, 2013) (declining to apply the doctrine of derivative jurisdiction where the United States removed an action pursuant to 28 U.S.C. § 1442).

With respect to estoppel, there is a "longstanding presumption [in the Fifth Circuit] that estoppel against the government is impermissible." *U.S. v. Southland Management Corp.*, 288 F.3d 665, 682 (5th Cir. 2002). The only possible exception to that presumption is where there is some type of affirmative misconduct by a government official, and even all four traditional elements of the theory must be proven. *Id.* Those four elements are "(1) that the party to be estopped was aware of the facts and (2) intended his act or omission to be acted upon; (3) that the party asserting estoppel did not have knowledge of the facts; and (4) reasonably relied on the conduct of the other to his injury." *Id.*, citing *Linkous v. United States*, 142 F.3d 271, 277 (5th Cir. 1998). Sanders' Complaint is wholly devoid of any facts suggesting she can meet the four traditional elements of estoppel, much less that that the United States engaged in affirmative misconduct by not going forward with foreclosure proceedings in 2001.

Finally, even if Sanders filed a proper action to quiet title under 28 U.S.C. § 2409a, she would fail to state a claim. The statute sets a 12-year statute of limitations for quiet title actions against the United States. Specifically, § 2409a(g) provides:

> Any civil action under this section, except for an action brought by a State, shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States.

Sanders' Complaint, and the attachments thereto, reflect that the VA asserted ownership rights and attempted to foreclose on the property at issue in this action since early 2001. Appx. at pp. 15, 36. Sanders did not file the instant suit until July 29, 2013, more than

twelve years after she should have been aware of the claim of the United States. Appx. at p. 11.

WHEREFORE Defendant VA respectfully requests that, pursuant to Fed. R.Civ. P. 12(b)(1) and/or 12(b)(6), the Plaintiffs' Original Petition be dismissed for lack of subject matter jurisdiction and alternatively, that Plaintiffs' claim against the VA be dismissed for failure to state a claim, and for such other and further relief which the Court may deem appropriate.

Respectfully Submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY


/s/ Tami C. Parker
Tami C. Parker
Assistant United States Attorney
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Texas Bar No. 24003946
Telephone: 817-252-5200
Facsimile: 817-252-5254
Email: tami.parker@usdoj.gov

7

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Defendant's Motion to Dismiss and Brief in Support Thereof was served on the other parties to this action via certified mail, return receipt requested # 7008 2810 0000 6292 2917 on this 2nd day of December, 2013, addressed to:

> David L. Pritchard
> 1244 Southridge Court, Ste. 102
> Hurst, Texas  76053

> /s/ Tami C. Parker
> Tami C. Parker
> Assistant United States Attorney