IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERI SANDERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-CV-4312-M (BF) |
| | § | |
| SECRETARY OF VETERANS AFFAIRS, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Defendant the Secretary for the Department of Veterans Affairs ("VA") has filed a motion to dismiss this removed civil action brought by Plaintiff Sheri Sanders under the Quiet Title Act, 28 U.S.C. § 2409a. Succinctly stated, Plaintiff alleges that she has acquired title to certain real property located in Burleson, Texas (the "Property") from the VA by adverse possession and that the VA should be estopped from removing her from the Property and selling it to a third party. *See* Def. App., Ex. B (Pl. Orig. Pet.) at 16, ¶¶ 10-12. Plaintiff contends that she has lived on the Property since 1993, when it was owned by her parents. *Id*. at 12-13, ¶ 4 & 15, ¶ 8. In February 2001, her parents' mortgage lender foreclosed on the Property due to nonpayment and conveyed title to the VA. *Id.* at 12, ¶ 4 & 14-15, ¶ 6. Plaintiff, however, continued to reside at the Property and refused to abandon her home even when the VA filed eviction proceedings. *Id.* at 15-16, ¶ 9. The VA nonsuited the eviction proceedings in June 2001, and Plaintiff continued to use the Property as her home. *Id.* at 15-16, ¶¶ 7-9. Plaintiff filed the instant lawsuit on July 29, 2013 in a state district court in Johnson County, Texas. *Id*. at 11. In her original petition, she alleges that she has acquired title

to the Property from the VA through adverse possession because she has continuously occupied the Property for more than ten years. *Id.* at 15-16, ¶¶ 9, 10. Defendant removed the lawsuit to federal court pursuant to 28 U.S.C. §§ 1331 and 1442(a)(1), *see* Def. Rem. Not. at 2, ¶ 2, and now moves to dismiss Plaintiff's claims for lack of subject matter jurisdiction and failure to state a legally cognizable claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. Plaintiff failed to file a written response to the motion. The Court therefore considers the motion without the benefit of a response.

Where, as here, a Rule 12(b)(1) motion is filed together with a Rule 12(b)(6) motion, the court should consider the jurisdictional attack before addressing any attack on the merits. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court should grant a motion under 12(b)(1) only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction. *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The court may find a plausible set of facts supporting subject matter jurisdiction by considering (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (internal citations omitted)). The plaintiff as the party asserting jurisdiction bears the burden of proof at all times on a Rule 12(b)(1) motion to dismiss. *Ramming*, 281 F.3d at 161.

Plaintiff brings her adverse possession claims against the VA under the Quiet Title Act, 28 U.S.C. § 2409a. The Act provides a limited waiver of the United States' sovereign immunity for suits by citizens asserting title to lands also claimed by the United States and is the "exclusive means

2

by which adverse claimants [may] challenge the United States' title to real property." *Block v. North Dakota*, 461 U.S. 273, 286 (1983). Section 2409a of the Act allows the United States to be "named as a party defendant in a civil action . . . to adjudicate a disputed title to real property in which the United States claims an interest." 28 U.S.C. § 2409a(a). The Act also vests the federal district courts with exclusive jurisdiction over civil actions brought under Section 2409a. 28 U.S.C. § 1346(f).

Under the doctrine of derivative jurisdiction, a federal court must dismiss a case that falls within its exclusive jurisdiction if the case was first instituted in, and then removed from, a state court. *Cummings v. United States*, 648 F.2d 289, 291-92 (5th Cir. 1981); *see also Lopez v. Sentrillon Corp.*, --- F.3d ----, 2014 WL 1395665, at *3 (5th Cir. 2014) (affirming that derivative jurisdiction doctrine continues to apply to cases removed pursuant to 28 U.S.C. § 1442). Here, Plaintiff's claims under the Quiet Title Act fall within the exclusive jurisdiction of the federal courts. The state court in which Plaintiff initiated her lawsuit lacked subject matter jurisdiction over her claims, and this Court did not acquire jurisdiction upon removal. Accordingly, Plaintiff's claims must be dismissed for lack of subject matter jurisdiction. *Cummings v. United States*, 648 F.2d at 291-92 (federal court cannot exercise jurisdiction over a § 2409a action that was first instituted in, but subsequently removed from, a state court); *Thetford v. Secretary of Veterans Affairs*, No. CA C-11-269, 2012 WL 2120469, at *4 (S.D. Tex. May 14, 2012) (same); *Brown v. Johnson*, 373 F. Supp. 973, 975 (S.D. Tex. 1974) (same).[1]

---

[1] Because subject matter jurisdiction is lacking, the Court pretermits consideration of Defendant's alternate arguments under Fed. R. Civ. P. 12(b)(6).

**RECOMMENDATION**

The District Court should grant Defendant's motion (Doc. 9) and dismiss Plaintiff's claims without prejudice for lack of subject matter jurisdiction.

SO RECOMMENDED, June 12, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).